Rahman v. Wilkinson
BIA
Kolbe, IJ
A208 455 354

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand twenty-one.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> JOSEPH F. BIANCO,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

JOLILOR RAHMAN,
> *Petitioner,*

v.                                                      18-3737
                                                        NAC

MONTY WILKINSON, ACTING UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

FOR PETITIONER:        Usman Ahmad, Law Office of Usman B. Ahmad, P.C., Long Island City, NY.

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Monty Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen as Respondent.

**FOR RESPONDENT:** Brian Boynton, Acting Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Dana M. Camilleri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jolilor Rahman, a native and citizen of Bangladesh, seeks review of a November 21, 2018 decision of the BIA affirming an October 17, 2017 decision of an Immigration Judge ("IJ"). *In re Jolilor Rahman*, No. A 208 455 354 (B.I.A. Nov. 21, 2018), *aff'g* No. A 208 455 354 (Immigr. Ct. N.Y.C. Oct. 17, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the

2

contrary."); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the . . . inherent plausibility of the applicant's or witness's account" and on inconsistencies within and between an applicant's statements and documentary evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

The agency reasonably relied on Rahman's inconsistent statements regarding his political affiliation. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). At his hearing and in a written

3

statement attached to his application, Rahman stated several times that he was apolitical and had no interest in joining any political party. In his asylum application itself, however, Rahman stated that he was actively involved in the Bangladesh Nationalist Party and that he continued to support that party. The agency was not required to credit Rahman's explanation that the mistake was the fault of the Bangladeshi individual who filled out the application because it did not resolve why that individual would have made contradictory statements. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005)("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). The agency also reasonably relied on inconsistencies between Rahman's statements and evidence about reporting an attack to the police. Rahman testified that he went by himself to the police to report that he and his father were attacked by Awami League members, but he submitted a witness statement stating, to the contrary, that two others accompanied him to the police station. Rahman

4

offered no explanation when confronted with this inconsistency.

Having questioned Rahman's credibility as to his political affiliation and the alleged attacks, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ reasonably concluded that letters from a doctor to corroborate injuries were not entitled to any weight because they were not contemporaneous, came from the same individual who purportedly helped Rahman complete an asylum form with the wrong claim, and had a stamp that included a misspelling and attempted correction of the word "medical." *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

5

Finally, the BIA reasonably rejected the new arguments Rahman made on appeal—that inconsistencies were attributable to interpreter error or his past trauma. To the extent he attempted to raise a due process claim, Rahman provided no evidence of poor interpretation or prejudice; he did not raise this issue at the hearing and the inconsistencies were largely between statements and documentary evidence prepared prior to the hearing. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." (internal quotation marks omitted)); *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (internal quotation marks omitted)). Rahman similarly did not raise his argument regarding past trauma before the IJ or present any evidence to support it. Moreover, past trauma does not resolve his inaccurate statement in his application that he supported a

specific political party, his lack of familiarity with his witness's statement, or the issues with the medical records. *See Majidi*, 430 F.3d at 80–81.

Given the inconsistent statements, implausible explanations, and lack of reliable corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163–64. That determination is dispositive of asylum, withholding of removal, and relief under the Convention Against Torture because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court